UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

BETH A. REDDEN,

    Plaintiff,

v.                                        CIVIL ACTION NO. 5:23-cv-00363

COMMUNITY HEALTH SYSTEMS, INC.,
*doing business as AccessHealth*, and
RALEIGH GENERAL HOSPITAL, LLC,

    Defendants.

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Beth A. Redden's motion to remand, filed May 23, 2023 [Doc. 8], Defendant Community Health Systems, Inc.'s ("CHS") motion to dismiss, filed May 26, 2023 [Doc. 9], Defendant Raleigh General Hospital, LLC's motion to dismiss, filed May 31, 2023 [Doc. 12], and the Defendants' joint motion to stay, filed June 27, 2023 [Doc. 20]. The matters are ready for adjudication.

### I.

Ms. Redden instituted this action in the Circuit Court of Raleigh County on February 25, 2023. [Doc. 1-2 at 2]. On May 3, 2023, CHS removed, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Doc. 1]. On May 5, 2023, CHS moved to dismiss the complaint. [Doc. 4]. Pursuant to *Federal Rule of Civil Procedure* 15(a)(1)(B), Ms. Redden amended her complaint on May 12, 2023, seeking to eliminate her only federal claim, namely a

cause of action alleging a due process violation. [Doc. 7]. The amended complaint otherwise remained the same in substance. As a consequence of the amendment, the Court denied CHS's initial motion to dismiss as moot. [Doc. 19].

Ms. Redden, a nurse midwife, alleges that her former employer, CHS, improperly terminated her following her treatment of a patient at Raleigh General. Specifically, on the evening of April 16, 2021, while working at Raleigh General, Ms. Redden was assigned to treat Patient X[1]. [Doc. 7 ¶ 9]. Patient X, a pregnant adult female, had complained of right lower abdominal pain. *Id.* ¶ 10. Upon Patient X's arrival at Raleigh General, Ms. Redden attempted to determine the health of the fetus. *Id.* ¶¶ 14-46. Although Patient X continued to experience pain, no problems with the fetus were uncovered. *Id.* In the early morning of April 17, 2021, Patient X attempted to leave Raleigh General against medical advice. *Id.* ¶¶ 47-49. After experiencing vaginal bleeding, however, Patient X returned to her hospital bed for further examination. *Id.* ¶¶ 49-54. Following two ultrasounds, which detected no fetal heartbeat, Dr. Wolfe confirmed an intrauterine fetal demise. *Id.* ¶ 55. The stillborn fetus was subsequently delivered, and normal postpartum and bereavement care was initiated. *Id.* ¶¶ 61-63.

While Dr. Wolfe reported that Ms. Redden acted appropriately, *id.* ¶ 64-66, on April 29, 2021, Debra Crowder, the senior nurse midwife at CHS, informed Ms. Redden that she "need[ed] to find another job," *id.* ¶ 68. Dr. Rae Bailey, an OB/GYN specialist also at CHS, subsequently advised Ms. Redden that Patient X's chart had been sent out for a peer review and that the results were not in her favor. *Id.* ¶ 71. Later that same day, Sherry Barajas, CHS's Human Resources Director, informed Ms. Redden via email that the Board of Directors had suspended her

---

[1] For privacy purposes and in compliance with HIPAA regulations, Ms. Redden omitted the name of the patient in her amended complaint. [Doc. 7 at 2 n.1].

privileges, effective immediately, and that she had a right to appeal that decision. *Id.* ¶ 75. Ms. Redden filed an appeal, *id.* ¶ 77, but on May 19, 2021, a letter from Charles Hunt, CEO of CHS, informed her that her appeal had been determined adversely to her, *id.* ¶ 78. Moreover, the letter provided Ms. Redden with 90 days' notice of contract termination. *Id.* Thereafter, on June 4, 2021, Ms. Redden was given her final paycheck. *Id.* ¶ 79. Although she has since continued her practice as a nurse midwife, Ms. Redden has been limited to non-hospital deliveries. *Id.* ¶ 80.

The amended complaint asserts claims for (1) breach of contract against CHS, (2) state constitutional tort against CHS and Raleigh General, (3) tortious interference with an employment relationship against Raleigh General, and (4) civil conspiracy against CHS and Raleigh General. *Id.* ¶¶ 81-115. Ms. Redden claims to have suffered damages in the form of reputational harm, loss of hospital privileges, lost earnings capacity, and lost wages, both past and future. *Id.* ¶¶ 84, 87, 98, 99, 107, 113. Ms. Redden moreover requests general damages for, among other things, mental anguish, humiliation, embarrassment, and aggravation, inconvenience, and annoyance and finally seeks punitive damages, attorney fees and costs, pre-judgment interest, and appropriate equitable relief. *Id.* ¶¶ 88, 100, 108, 114-16.

On May 23, 2023, Ms. Redden moved to remand, asserting her amended complaint eliminated her federal claim. [Doc. 8]. In response, CHS contends Ms. Redden cannot destroy jurisdiction by amendment but concedes the Court has discretion to remand. [Doc. 11]. Subsequently, on May 26, 2023, CHS moved to dismiss, contending that the claims against it fail as a matter of law. [Doc. 10]. Raleigh General then moved to dismiss on May 31, 2023, asserting Ms. Redden had failed to state a claim. [Doc. 13]. Ms. Redden opposes both motions. [Docs. 15, 16]. The Defendants thereafter moved to stay this case pending a ruling on all motions. [Doc. 20].

3

## II.

Respecting remand, the Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Our Court of Appeals strictly construes removal jurisdiction in view of "significant federalism concerns." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see also Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 390 (4th Cir. 2018) (stating that "removal statutes must be strictly construed"); *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (stating that federal courts "are obliged to construe removal jurisdiction strictly"). "The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). If the district court determines that it "lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." Relatedly, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 349-51 (1988), the Supreme Court held that where, as here, the federal law claims are eliminated, courts retain the discretion to remand the remaining state law claims. *See also Wood v. Crane Co.*, 764 F.3d 316, 321 (4th Cir. 2014) (quoting *Carnegie-Mellon*, 484 U.S. at 345; *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) ("In *Carnegie-Mellon*, the Court found federal courts to have an *inherent* power to remand removed State claims when the federal claims drop out of the case." (emphasis in original)). Notably, "[e]ven though *Carnegie-*

*Mellon* was decided before the doctrine of pendent jurisdiction was codified in 28 U.S.C. § 1367," our Court of Appeals has concluded "that it continues to inform the proper interpretation of § 1367(c)." *Hinson*, 239 F.3d at 616.

Accordingly, in considering whether to decline to exercise jurisdiction under § 1367(c), courts should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon*, 484 U.S. at 350; *see also Wood*, 764 F.3d at 320 n.4; *Hinson*, 239 F.3d at 616. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7; *see also Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018) (citing *Carnegie-Mellon*, 484 U.S. at 350 n.7). However, "if the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors . . . support a remand." *Carnegie-Mellon*, 484 U.S. at 357; *see also Wood*, 764 F.3d at 322 (clarifying that while "there is no 'categorical prohibition' on [forum] manipulation," courts may consider it (quoting *Carnegie-Mellon*, 484 U.S. at 357)); *Hinson*, 239 F.3d at 617.

### III.

As noted, Ms. Redden's amended complaint eliminates her federal claim. Accordingly, the Court will consider the yet-applicable *Carnegie-Mellon* factors in determining whether to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

Turning to the interest of judicial economy, CHS contends that "not insignificant" resources have been invested to date and further that remand would be futile inasmuch as Ms. Redden cannot succeed on her claims. [Doc. 11 at 3]. But as CHS concedes, "this case is in the

5

early stages of litigation." *Id.* Indeed, although CHS and Raleigh General have both filed motions to dismiss in addition to Ms. Redden's motion to remand, the Court only recently entered a scheduling order on July 13, 2023, and trial is not scheduled until July 9, 2024, nearly eleven (11) months from today. [Doc. 23]. Moreover, while not specifically addressing the judicial economy factor, the Supreme Court in *Carnegie-Mellon* counseled that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. at 350 n.7; *see also Banks*, 738 F. App'x at 773 (citing *Carnegie-Mellon*, 484 U.S. at 350 n.7). This guidance tips judicial economy in favor of remand.

   CHS next asserts that convenience and fairness counsel neither in favor of nor against remand. [Doc. 11 at 3]. The Court agrees. Both the Circuit Court of Raleigh County and this Court are located in Beckley. The Court is further unaware why proceeding in either forum would result in unfairness.

   With respect to comity, CHS concedes the point. [Doc. 11 at 3]. Moreover, Ms. Redden asserts she "is interested in 'making law,' if necessary, by bringing her grievances . . . before the State's highest court." [Doc. 15 at 3]. Inasmuch as this Court must follow West Virginia law and cannot overrule binding precedent, Ms. Redden's potentially novel claims are more appropriately addressed in state court. Comity therefore weighs in favor of remand.

   Finally, CHS charges that "[Ms. Redden's] Amended Complaint is a calculated attempt at forum shopping." [Doc. 11 at 3]. Ms. Redden responds "the sole purpose of the Amended Complaint is to eliminate the federal question in an effort to remand this case" and that "[a]nother reason for seeking . . . remand . . . is that [Ms. Redden] believes that the West Virginia Supreme Court of Appeals views Motions to Dismiss in a more lenient manner." [Doc. 15 at 1, 3].

Moreover, although Ms. Redden asserts she erroneously included the federal claim in her original complaint [Doc. 15 at 2], she mentioned both the federal constitution and the putative federal regulation of the practice of medicine [Doc. 1-1 at 38]. She furthermore asserted that CHS "is a Federally Qualified Health Center." *Id.* Accordingly, there is at minimum the appearance of forum shopping, which weighs against remand.

In sum, the factors of judicial economy and comity weigh in favor of remand; the prospect of forum shopping weighs against. While the Court is troubled by the appearance of forum shopping, "there is no 'categorical prohibition'" against it. *Wood*, 764 F.3d at 322 (quoting *Carnegie-Mellon*, 484 U.S. at 357). Consequently, in the absence of "manipulative tactics" that are "too sharp," *id.* at 326, the Court concludes that the *Carnegie-Mellon* factors support remand. The Court **GRANTS** Ms. Redden's motion. The Court **DENIES** as moot Defendants' motions to dismiss and to stay.

### IV.

Based upon the foregoing, the Court **GRANTS** Ms. Redden's motion to remand [Doc. 8], **DENIES** as moot CHS's motion to dismiss [Doc. 9], **DENIES** as moot Raleigh General's motion to dismiss [Doc. 12], and **DENIES** as moot the Defendants' joint motion to stay [Doc. 20].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: August 21, 2023

Frank W. Volk
United States District Judge